FILED

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA YAMILET SEVILLA-AMAYA; STEVEN ALIRIO MELARA-SEVILLA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-72941 <br><br> Agency Nos.     A202-080-306 <br>                    A202-080-307 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2020[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[***]
District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Gloria Sevilla-Amaya (Sevilla) and her son, Steven Melar-Sevilla (Melar),[1] petition for review of the decision of the Board of Immigration Appeals (Board), dismissing their appeal of the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and review for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), *as amended*.

1.      By not addressing the issue in her opening brief, Sevilla waived review of the Board's determination that Sevilla failed to establish membership in a particular social group as one central reason for any alleged persecution. *See Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019). Thus, her asylum and withholding of removal claims necessarily fail. *See Hu v. Holder*, 652 F.3d 1011, 1017 (9th Cir. 2011) (requiring a demonstration of nexus); *see also Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (recognizing that failure to meet the eligibility requirements for asylum "necessarily" dooms a claim for withholding of removal).

2.      Substantial evidence supports the finding that Sevilla failed to establish eligibility for CAT relief. Even assuming Sevilla suffered past torture, no

---

[1]      Melar is a derivative beneficiary of Sevilla's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A). As no derivative status exists for withholding of removal and the CAT, and Melar failed to file separate applications for such relief, he is not eligible for those forms of relief. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

evidence in the record demonstrated that she "more likely than not" would suffer torture if returned to El Salvador. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014), *as amended*. Sevilla's general assertions about crime and corruption are not sufficient to sustain a claim of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Further, no evidence demonstrated that a public official would acquiesce to any torture. The crime was reported to the prosecutor's office, and there is no indications in the record of the government's inability or unwillingness to investigate. *See Garcia-Milian*, 755 F.3d at 1034.

**PETITION DENIED.**